UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 04-32139 - WRS
                                                                         Chapter 7
THOMAS WOODS
LISA WOODS,

    Debtors.


ARLENE S. THROWER and
LARRY J. THROWER,

    Plaintiffs,                                        Adv.Pro.No. 05-3018 - WRS

v.

THOMAS WOODS,

    Defendant.


## MEMORANDUM DECISION

    This Adversary Proceeding is before the Court upon the Plaintiffs' Motion for Partial Summary Judgment, filed on August 5, 2005. (Doc. 19). By filing this motion the Plaintiffs are seeking a determination that their state court judgment against Defendant Thomas Woods is nondischargeable. As grounds for said motion, the Plaintiffs assert that no genuine dispute exists as to any material facts under Count III (action on judgment) of their Complaint. In addition, various reply and rebuttal memoranda has been filed by both parties. On August 22, 2005 the Defendant filed an Opposition to Plaintiffs' Motion for Partial Summary Judgment. (Doc. 21). On September 19, 2005 the Defendant moved to amend his Opposition to the Plaintiffs' Motion for Partial Summary Judgment. (Doc. 23). On September 30, 2005 the Plaintiffs

filed their brief in support of summary judgment. (Doc. 24). Also on September 30, 2005 the Plaintiffs filed a Response to the Motion to Amend Opposition to Partial Summary Judgment and a Motion to Strike. (Doc. 25). On October 4, 2005 the Defendant filed a document styled as a Reply Response to Plaintiffs' Reply Brief for Partial Summary Judgment. (Doc. 28). Upon consideration of the pleadings and the applicable law, for the reasons set forth below, the Plaintiffs' Motion for Partial Summary Judgment is DENIED. (Doc. 19).

## I. JURISDICTION

This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(2)(I).

## II. FACTS

By initiation of this Adversary Proceeding, the Plaintiffs[1] are seeking to except from discharge a debt obtained by way of a default judgment rendered against the Debtor and Defendant here, Thomas Woods, in the Circuit Court of Chilton County, Alabama, on December 18, 2002. (Case No. 2002-304-F) (Pl.'s Ex. 5). The state court lawsuit arose from the purchase, by the Plaintiffs, of a manufactured home from NU-2-U, Inc, on June 14, 2001. The purchase price was $59,925.00. (Ex. 1). The Plaintiffs allege that upon delivery of the manufactured home, they notified Mr. Woods of certain problems,

---

[1] The Plaintiffs, Arlene S. Thrower and Larry J. Thrower are husband and wife and reside in Jemison, Alabama. Plaintiffs Angela G. Pittman and Michael A. Pittman are husband and wife and they also reside in Jemison, Alabama. The manufactured home was purchased for use as a residence by the Pittmans, and the Pittmans have resided in the home since it was installed. (Pl.'s Ex. 2).

2

defects or damage to the home. The Plaintiffs allege that upon notification to Mr. Woods, it was represented to them that all such troubles with the home would be remedied and corrected. The Plaintiffs now assert that they were induced to accept delivery of the home based upon the representations of Woods and that they have suffered damages as a result. It is these claims that form the basis of the Plaintiffs' Complaint pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). The Court will now turn to the issue of whether the default judgment rendered in the state court proceedings should be given collateral estoppel effect for purposes of dischargeability.

### III.  DISCUSSION

#### A.  Issue Preclusion

Collateral estoppel bars the relitigation of issues actually litigated and decided in prior suits. Collateral estoppel principles are applicable to dischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 285, n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed. 2d 755 (1991); see also St. Laurent v. Ambrose (In re: St. Laurent), 991 F.2d 672, 675 (11th Cir. 1993); Bush v. Balfour Beatty Bahamas, Ltd. (In re: Bush), 62 F.3d 1319, 1322 (11th Cir. 1995); SEC v. Bilzerian (In re: Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998); Hoskins v. Yanks (In re: Yanks), 931 F.2d 42, 43 (11th Cir. 1991). The collateral estoppel law of the state issuing the prior judgment controls. St. Laurent v. Ambrose (In re: St. Laurent), 991 F.2d 672, 675-676. Under Alabama law, the prerequisites of collateral estoppel are: (1) an issue identical to one litigated in the prior suit; (2) that the issue have been actually

litigated in the prior suit; (3) that the resolution of that issue have been necessary to the prior judgment; and (4) the parties must have been the same in both suits. See Smith v. Union Bank & Trust Co., 653 So.2d 993, 934 (Ala. 1995); N & C Properties v. Windham, 582 So.2d 1044, 1046 (Ala. 1991); Parker v. Jefferson County, 796 So. 2d 1071, 1072 (Ala. 2000) (citations omitted).

"In Alabama, it is doubtful that a default judgment has any collateral estoppel effect." Dorian v. Cornner (In re: Cornner), 191 B.R. 199, 206 (N.D. Ala. 1995)(citing Smith v. Union Bank & Trust Co., 653 So.2d 933 (Ala. 1995); AAA Equipment & Rental, Inc., 384 So.2d 107 (Ala. 1980)). See also Angus v. Wald (In re: Wald), 208 B.R. 516, 529 (Bankr. N.D. Ala. 1997)(citing Crowder v. Red Mountain Mining Co., 127 Ala. 254, 29 So. 847 (1899); Barnett v. Pinkston, 238 Ala. 327, 191 So.371 (1939))(the court noted that the Alabama Supreme Court has previously held that a default judgment has no collateral estoppel effect because such judgment fails to satisfy the actually litigated requirement of that doctrine); Meggs v. Booth (In re: Booth), 174 B.R. 619, 623 (Bankr. N.D. Ala. 1994)("[t]he law in Alabama, supported by the Eleventh Circuit and textwriters, is that neither a *consent* judgment nor a *default* judgment can satisfy the "actually litigated" element).

In this case, there is no dispute that the finding of liability against Thomas Woods was determined without any substantive evidence or testimony from the Defendant. A hearing was conducted on February 24, 2003 on the issue of awarding damages in which the court heard oral testimony and received exhibits from the Plaintiffs. (Pl.'s Ex. 1, 7). However, this judgment also states that this showing was done "[p]ursuant to prior order of the court," indicating that the court had previously found Defendant Woods guilty by

4
Case 05-03018    Doc 29    Filed 10/27/05    Entered 10/27/05 10:43:27    Desc Main
                           Document      Page 4 of 6

virtue of default and not based on any substantive evidence or testimony provided in an adversarial setting. (Pl.'s Ex. 7). Given the absence of any participation on the part of the Defendant in the prior suit and upon reviewing the law in Alabama, cited by various courts, this Court concludes that allowing collateral estoppel effect to the default judgment rendered in the Circuit Court would be inappropriate.

### B.  Defendant's Motion to Amend and Plaintiffs' Motion to Strike

Subsequent to the filing of his Opposition to the Plaintiffs' Motion for Partial Summary Judgment, the Defendant filed a Motion to Amend Opposition to Partial Summary Judgment. (Doc. 23). This amendment added by way of an attachment the affidavit of Defendant Thomas Woods. Among other things this affidavit asserts that Mr. Woods never received a copy of the Summons and Complaint in the Chilton County lawsuit. In response, the Plaintiffs have filed a Motion to Strike seeking to strike certain portions of Thomas' affidavit alleging that he has waived any opportunity to raise insufficiency of service as a defense. (Doc. 25). The Court finds this argument devoid of any weight as it has not relied on such a defense or the affidavit of Mr. Woods. Rather the import of this Court's decision is derived solely on the basis of whether Alabama law would give collateral estoppel effect to a default judgment. The Court has answered that question in the negative. The Court finds it wholly appropriate for the Defendant to choose to file an amendment to his opposition, as such filing was within his discretion to do so. Furthermore, with respect to the Plaintiffs' Motion to Strike, to the extent that the

Court has not relied on said affidavit in any event, the Court no longer views this as a viable issue.

## IV.  CONCLUSION

In summary, for the reasons set forth above, the Plaintiffs' Motion for Partial Summary Judgment on Count III of their Complaint is DENIED.  (Doc. 19).  The Defendant's Motion to Amend is GRANTED (Doc. 23) and the Plaintiff's Motion to Strike is DENIED as moot.  (Doc. 25).  The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 26th day of October, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: George H. Howard II, Attorneys for Plaintiff
   Von G. Memory,
   William D. Azar, Attorneys for Defendant